UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MELVIN CLIFTON, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) 17-1272 |
| CHAD M. BROWN, *et al.* | ) ) ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

Plaintiff is currently incarcerated at Pontiac Correctional Center. Plaintiff alleges that prison officials violated prison rules by waiting 19 days to conduct a hearing on his disciplinary tickets and then failed to properly handle his grievances. According to documents Plaintiff attached to his Complaint, Plaintiff lost good-time credits as a result of this hearing.

A violation of prison rules, on its own, does not create a federally enforceable right. *Allison v. Snyder*, 332 F.3d 1076, 1078 (7th Cir. 2003). Due process requires only that a prisoner receive adequate notice, an opportunity to present a defense, and a written explanation of the findings made at the hearing. *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974). Plaintiff alleges only that the hearing was not conducted within the timeframe set by prison rules. To the extent that Plaintiff is challenging any factual

findings at the disciplinary hearing, his claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, Plaintiff fails to state a claim.

**IT IS THEREFORE ORDERED that:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

3) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 17th day of July, 2017.

/s/ Harold A. Baker

---
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE